STATE, GEORGE W. RUDDY, PROSECUTOR, v. THE INHAB- ITANTS OF THE TOWNSHIP OF WOODBRIDGE AND JOSEPH W. DALLY.

Under the sixth section of the act of 1873, (*Pamph. L., p.* 758,) providing for the redemption of the title to lands sold for taxes in the township of Woodbridge by a deposit with the township committee of the amount paid by the purchaser, with fifteen per cent. interest—*Held*, that the tender of the said amount, with interest, to the purchaser himself, was not within the terms of the act.

On *certiorari*.

The writ in this case brings up an assessment for taxes and certain proceedings taken to sell the land upon which the taxes were a lien.

Argued at June Term, 1883, before Justices SCUDDER, REED and MAGIE.

For the prosecutor, *B. A. Vail.*

For the defendant, *E. Cutter.*

The opinion of the court was delivered by

REED, J. The assessment attacked was made in the township of Woodbridge for the year 1876, and the only reason urged against the legality of the assessment is that it is listed as the property of Michael Bray's estate. This affords no ground for objection to the levy.

The remaining reasons attack the legality of the lease and the certificate of sale which were executed to the purchaser at the tax sale. The proceedings were taken in pursuance of the provisions of a special act contained in the laws of 1873. *Pamph. L., p.* 758. The provisions of this act have been under the scrutiny of this court and the Court of Errors in the case of *State, Allen, pros.,* v. *Woodbridge,* 13 *Vroom* 401, 14 *Vroom* 262. It will appear, from an examination of the return to this writ, together with the testimony taken to be used upon the argument of the cause, that all the requirements of the act of 1873 were strictly observed in the sale and in the proceedings which preceded the sale, with a single exception. That exception was a failure on the part of the township committee to cause a copy of the collector's return of delinquents to be recorded in the township clerk's office.

This defect, however, is cured by the provisions of an act passed in 1881, (*Pamph. L., p.* 237,) which was obviously drafted so as to apply to the present record, and covers the proceeding now under consideration. There is another feature which appears in the testimony taken, by force of which the counsel of the prosecutor contends that the lease should never have been executed, and that it and the certificate of sale should now be vacated. This feature of the cause consists of an offer by the owner of the land to repay the amount paid by the purchaser of the tax title, together with interest at the rate of fifteen per cent., to such purchaser, within two years from the date of the certificate of sale.

This offer was made with the design of redeeming the tax title held by the purchaser under the certificate of sale, and of preventing its becoming irredeemable by the lapse of two years, at the expiration of which time the township committee

were to execute a lease. The provisions of the act of 1873, relative to the power of the owner to redeem, is found in section 6. It provides that if the owner does not, within the two years, appear before the township committee and deposit with them for the purchaser of said lease the amount so paid by him, together with interest at fifteen per cent. per annum, the said certificate shall be deemed canceled, and the amount so received shall, on demand, be paid to the party owning or holding such certificate. Now it appears that the tender in this case was made to the purchaser of the tax title and was not made to the township committee. There was not a compliance with the conditions upon which the certificate was to have been canceled.

The cancellation of the certificate and the arresting of the action of the township committee in making the lease was dependent upon a deposit of a certain amount of money with the township committee. Under the statute the owner of the certificate was under no obligation to accept the amount tendered. The duty of making a computation of the exact amount to which he was entitled, or of taking upon himself the risk of refusing a tender, was not imposed upon him.

This being so, it is obvious that there is no power in this court to declare the certificate canceled and the lease a nullity, arising from the tender of the amount of the purchase money and interest to the purchaser himself.

Nor does the fact that he was ultimately to receive this money, if it had been deposited with the township committee, enlarge the power of this court to annul the certificate and lease. Suppose we should vacate them, we have no power to place the parties in the posture which they would have occupied had the deposit been made with the township committee in pursuance of the statutory requirement. The consequence would be that the purchaser would be stripped of his tax title and be without the money which he had paid for it.

If the spirit of the statute were subserved by the tender to the person who was ultimately entitled to the money, the owner must seek his remedy in a court which has the pro-

cedure to adjust all the rights of the parties, which procedure this court, upon *certiorari,* does not possess.

The writ is dismissed, with costs.